SHAPIRO et al. v. GOLDBERG et al.

(Supreme Court, Appellate Term. June 13, 1900.)

APPEAL—ATTACHMENT—REVERSAL—RESTITUTION.
    Where a judgment for plaintiff in attachment is reversed on appeal, the appellate division will not, on motion of defendant, compel restitution of the attached property, under Code Civ. Proc. § 1323, providing that, when a final order or judgment is reversed or modified on appeal, the appellate court may make or compel restitution of property lost by means of an erroneous judgment, where the identity of the property to be restored is in dispute, since such dispute should properly be settled in an action for restitution.

Motion for restitution. Denied.

For former opinion, see 64 N. Y. Supp. 88.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

L. Burke, for appellants.
A. A. Joseph, for respondents.

PER CURIAM. Having decided to entertain the motion for a reargument, we have considered all of the papers originally submitted, as well as those submitted upon said last-mentioned motion, and have decided to deny the motion for restitution in view of the fact that there appears to be a dispute with respect to the identity of the property, which should be more properly settled in an action. That

an action will still lie for the purpose of obtaining restitution notwithstanding the provisions of the Code authorizing a more summary method of securing such relief is well settled. Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588. The remedies are concurrent.

The motion is therefore denied, without costs, and without prejudice to any action which the appellants may be advised to bring for the purpose of securing relief. Notice order for settlement.

---

(31 Misc. Rep. 719.)

### LEHMEYER v. PROVIDENT LOAN SOC. OF NEW YORK.

(Supreme Court, Appellate Term. June 13, 1900.)

PLEDGES—SECURITY—TITLE—TENDER—EXTINGUISHMENT.

> Where rents, for the payment whereof a pawn ticket was delivered to be held as security, were tendered within the time agreed on, the landlord retained no property in the ticket, since such delivery was a pledge, and the special property acquired was extinguished by the tender.

Appeal from municipal court, borough of Manhattan.

Argued before GIEGERICH and O'GORMAN, JJ.